Moncure, J.
after stating the case, proceeded:
The appellees claim the bond of Allen & Walthall as the property of their testator, because it was found among his papers at his death, with an assignment to him from the appellant thereon endorsed. This fact affords a presumption of ownership sufficient to sustain their claim unless repelled by other evidence. The only evidence in the case which tends to repel it, is the receipt of Strange for the draft on Allen & Walthall for two hundred dollars in part of their bond, and his letter of the 9th January 1838. This evidence applies only to two hundred dollars of the bond, and leaves unaffected the claim of the appellees to the residue. There is not enough in the case to make them chargeable with the residue, even if it were considered *504 that their testator received the bond for collection only. There is no evidence to show that the bond was collected, or could have been collected, except as to the credit of one hundred and fifty dollars endorsed thereon; and the appellee Magruder avers in his answer that he had never received a cent on account of the bond, having learned, upon enquiry soon after he became executor of Strange, that the obligors were utterly insolvent, and nothing could be made out of them.
Whether there is enough in the case to make the appellees chargeable with the amount of the draft, might be a question of difficulty. On the one side it might be said that the appellant being largely indebted, and having made various payments to Strange at and after the time of the assignment of the bond, it ought to be presumed that the amount of the draft was accounted for in some of their settlements. On the other it might be said that the burden of showing that it had been accounted for devolved on the appellees; and that not having shown that fact, they are therefore still bound for the amount.
But I deem it unnecessary, if not improper, to decide that question in this case. If the appellant was entitled to any credit on account of the bond of Allen & Walthall, he had a plain and complete remedy at law by pleading payment or setoff in the suit in which the judgment enjoined was recovered. Indeed the appellee Magruder in his answer avers that at the trial of the suit the appellant filed the original receipt and claimed credit for the amount of the bond, but the jury refused to allow it; and he refers to official copies of the verdict, judgmént, receipt and letter aforesaid as part of his answer.
It is unnecessary to enquire whether this averment should be taken to be true or not. It is sufficient that the appellant had an adequate remedy at law, and shows no sufficient reason for not having availed him *505 self of it; or for having a new trial, if he resorted to his legal remedy and was unsuccessful. That a court of equity has no jurisdiction in such a case has been often, and recently, declared by this court. The cases are numerous, and it is needless to cite them. The only allegation in the bill which can tend to excuse the failure of the appellant to defend himself at law is, that he was unable to establish the fact of the assignment by any evidence in his possession, and he therefore calls upon the appellee Magruder tO' say upon oath if the said bond thus assigned did not come into his possession as one of the bonds of Strange’s estate, and if he did not refuse to deliver it to the appellant when the receipt of Strange was exhibited to him; and also to say how much of said bond was paid to his testator in his life time, and how much to him since his testator’s death. But it is not pretended that any of the facts embraced in this allegation, even if they be considered material, came to the knowledge of the appellant after the trial of the suit at law. He then knew that the bond had been assigned to Strange and probably still remained in the hands of Strange’s executors, and he could have resorted to a bill of discovery, if necessary, pending the suit at law. That he should have done so, and not suffered the judgment to be rendered at law and then filed his bill, is shown by the case of Faulkner's adm’x v. Harwood, 6 Rand. 125. Indeed a bill of discovery was unnecessary, as a discovery might have been had under the statute, in the suit at law.
I am therefore for affirming the decree of the court below.
The other judges concurred in the opinion of Moncure, J.
Decree affirmed'.